been entered as all goods of the like kind, and classified as sewing silk by the custom house authorities. On cross examination, however, of the defendant's witness, it came out that the component parts of the article twist, were as contended by the plaintiff.

Daniel Lord, Jr., for plaintiff.

B. F. Butler, for defendant.

Before BETTS, District Judge.

THE COURT said that all articles manufactured partly of silk, or of which silk was a component part, were entitled to be admitted free of duty. The custom house department had established, as it appeared by the testimony adduced in this case, a rule which the merchants had protested against, and this was a question for the jury to pass upon. The jury, without leaving their seats, found a verdict for the plaintiff for the amount claimed, namely, $88.60; thus sustaining the protest of the merchants, that twist is not liable to payment of duty.

## Case No. 4,008.

DORR et al. v. HOYT.

[2 Hunt, Mer. Mag. 261.]

Circuit Court, S. D. New York. Jan. 22, 1840.

SILK TWIST—SEWING SILK.

[Twist composed entirely of silk, even if used for sewing, is not dutiable as "sewing silk," under the act of March 2, 1833, unless it is known as such in commerce; if not so known, it is free of duty as "a manufacture of silk."]

The defendant [Jesse Hoyt], collector of the customs at New York, had exacted from the plaintiffs [S. & F. Dorr & Co.] duties at the rate of 40 per cent. upon silk twist, imported by the plaintiffs during the year 1839, insisting on the right to duty as on sewing silk. The plaintiffs paid the duty, protesting against the right to exact any duty, and brought this suit to recover back the duty.

The plaintiffs insisted that the twist was a manufacture of silk, and, as such, made free by the 4th section of the act of March 2, 1833 (4 Story's Laws, 2338 [4 Stat. 630]). The plaintiffs proved that the article in question was known in trade, among importers, dealers, and consumers, as "twist," and not as "sewing silk;" that although made wholly of silk, and used only for sewing, yet it was a different article from sewing silk, and they could not both be used for the same purpose.

D. Lord, Jr., for plaintiffs.

B. F. Butler, Dist. Atty., for defendant.

THE COURT charged, that if the article was known in commerce as "sewing silk," then the verdict must be for the defendant; but if not, then, as it was a manufacture of silk, it was free. That it was for them to determine whether the article was known in commerce under the name of "sewing silk" or not. If it was not, although it was composed of silk and used for sewing, it was free.

The jury found for the plaintiffs.

## Case No. 4,009.

DORR et al. v. HOYT.

[2 Hunt, Mer. Mag. 262.]

Circuit Court, S. D. New York. Jan. 22, 1840.

CUSTOMS DUTIES—CLASSIFICATION—WORSTED CRAVATS.

[Worsted cravats woven on stocking frames, and dealt in principally by dealers in hosiery, and usually known in commerce under the name or class of "hosiery," are dutiable as such under the act of 1832, and not as "manufactures of wool," or "ready-made clothing."]

This was an action for money had and received by the defendant [Jesse Hoyt], collector of the customs at New York, and paid to him by the plaintiffs [S. & F. Dorr & Co.], as duties on certain importations of worsted cravats; the duties had been exacted and paid at the rate of 50 per cent. ad valorem, classing the goods as "a manufacture of wool," or as "ready-made clothing," under the act of July 14, 1832, § 2, class 2 [4 Stat. 584].

The plaintiffs claimed them to be free; being, under the act of 1816 [3 Stat. 310], a non-enumerated article, subject to a duty of 15 per cent., and consequently, by act of 1832 (4 Story's Laws, 2322), § 2, rendered free of duty.

The goods were proved to be worsted, and woven on the stocking frame, and were dealt in principally by dealers in hosiery.

The counsel of the defendant proved that the goods usually went into commerce by the name or class of "hosiery." He admitted that they were not subject to the duty of 50 per cent., as "ready-made clothing," or "manufactures of wool," but insisted that they were not free of duty, but were chargeable with the duty on hosiery.

The counsel of the claimants assented to these views.

D. Lord, Jr., for plaintiffs.

B. F. Butler, Dist. Atty, for defendant.

THE COURT charged, that the goods were liable to duty as hosiery, and that the excess over the hosiery duty must be found for the plaintiffs.

Verdict for plaintiffs, $1,321.

DORR v. LUDLOW. See Case No. 8,052.

DORR (MYERS v.). See Case No. 9,988.